[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
On April 11, 2001, the plaintiffs, Mary Ellen Marotti and Frederick Marotti, filed a two count revised complaint against the defendant, St. Paul Guardian Insurance Company (St. Paul). Count one alleges that Mary Ellen Marotti was injured when the vehicle she was driving was struck from behind by a vehicle operated by Ramirez-Perez A. Anastasio (Anastasio). The Marottis further allege that Anastasio lacks adequate insurance coverage, and, that, pursuant to an insurance policy, Mary Ellen Marotti's injuries and losses are the legal responsibility of St. Paul. In count two, Frederick Marotti alleges a loss of consortium claim. On April 17, 2001, St. Paul filed a motion to strike the second count of the Marottis' revised complaint on the ground that count two is legally insufficient because it fails to assert a claim upon which relief may be granted. The Marottis filed an objection to the defendant's motion to strike on October 4, 2001.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any [complaint] . . . to state a claim upon which relief can be granted." (Internal quotation marks omitted.)Peter-Michael, Inc. v. Sea Shell Associates, 244 Conn. 269, 270,709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff" (Internal quotation marks omitted.) Faulkner v. United Technologies Corp.,240 Conn. 576, 580, 693 A.2d 293 (1997).
In its memorandum in support of its motion to strike, St. Paul argues that Frederick Marotti's loss of consortium claim should be stricken because "it fails to allege that the [insurance policy] provided coverage for loss of consortium claims and therefore fails to state a cause of action for which the plaintiff may recover." St. Paul contends that a determination of whether a plaintiff is entitled to recover under a loss of consortium claim must be based on the contract language of the insurance policy at issue.
The Marottis counter that count one, paragraph five of their revised complaint, which is incorporated into count two, alleges that the policy provides for "`compensatory damages which an insured is legally entitled to recover from the owner or operator of an uninsured or underinsured CT Page 2209 motor vehicle because of bodily injury.'" They argue that loss of consortium claims for noninjured spouses in tort cases are recognized in Connecticut. Accordingly, they conclude that it would be inconsistent with the public policy behind General Statutes § 38a-336[1], the uninsured and underinsured motorist statute, that provides for coverage as a result of "bodily injury," to deny such claims in the uninsured/underinsured arena.
In the present case, the Marottis merely allege that their policy "provides for payment for damages `which an insured is legally entitled to recover from the owner or operator of an uninsured or underinsured vehicle because of bodily injury . . . sustained by an insured and caused by an accident.'" They have not alleged that the policy in question covers loss of consortium. Without a more detailed reference to the policy in question, the court is unable to "determine its meaning." Scottv. Thompson, Superior Court, judicial district of Hartford, Docket No. 596782 (December 6, 2000, Rittenband, JTR).
A court ordinarily looks to the language of a policy to determine whether loss of consortium is covered by that policy. See, e.g., Izzo v.Colonial Penn Insurance Co., 203 Conn. 305, 308-309, 524 A.2d 641 (1987) ("We begin our analysis, as we must, with the applicable language of the insurance policy in effect at the time of the accident."); Scott v.Thompson, supra, Superior Court, Docket No. 596782 ("It is well settled law in Connecticut that a Court should look at the language of the policy itself in order to determine its meaning unless the provisions are ambiguous in which case the Court can go beyond the actual language of the policy.")
Therefore, in the present action, deciding whether Frederick Marotti may recover under a loss of consortium theory would require the court to examine the insurance policy in effect between the parties "because, although [General Statutes] § 38a-336 sets forth minimum coverage requirements, it is the insurance policy itself that controls." Marczakv. Aetna Casualty Surety Co., Superior Court, judicial district of New Haven at New Haven, Docket No. 345211 (August 19, 1993, Zoarski J.). Usually, "the question of contract interpretation . . . is a question of fact . . . [w]here there is definitive contract language, [however], the determination of what the parties intended by their contractual commitments is a question of law." (Brackets in original; internal quotation marks omitted.) Tallmadge Bros. v. Iroquois Gas TransmissionSystem, L.P., 252 Conn. 479, 495, 746 A.2d 1277 (2000). Questions concerning contract interpretation, however, are inappropriate on a motion to strike. See Dime Savings Bank v. DiMenna, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 137779 (October 2, 1996, Ryan, J.). CT Page 2210
Accordingly, the motion to strike is denied.
 ___________________ Howard F. Zoarski Judge Trial Referee